Marc E Grossman (SBN 197627)
Eva M. Hollands (SBN 244164)
LAW OFFICES OF MARC E. GROSSMAN
100 N. Euclid Avenue, Second Floor
Upland, CA 91786
Ph (909) 608-7426
Fx (909) 949-0119
marc@wefight4you.com
eva@wefight4you.com

Attorneys for Plaintiff,
BRENDA LEONG

FILED & ENTERED

JAN 06 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| IN RE<br><br>DAVID JOE STRAIT,<br><br>    Debtor,<br><br>BRENDA LEONG,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID JOE STRAIT<br><br>    Defendant | BK No:   6:14-bk-21472-MH<br>Adv. No.: 6:14-ap-01340-MH<br><br>Chapter 7<br><br>ORDER GRANTING MOTION TO SET ASIDE DISMISSAL OF ADVERSARY PROCEEDING<br><br>Hon. Mark D. Houle |

1. The Motion was unopposed and heard by this court on October 19, 2016.

2. It is hereby ORDERED that Plaintiff's motion to vacate the order of dismissal entered on June 10, 2015 is GRANTED.

ORDER GRANTING MOTION TO SET ASIDE DISMISSAL OF ADVERSARY PROCEEDING

3. The court adopts the findings and orders posted in its tentative ruling attached hereto as Exhibit A.

It is also ORDERED that the order for dismissal of the adversary proceeding entered on June 10, 2015 is VACATED and that the adversary proceeding is reinstated to the active case docket.

It is also ORDERED that a status conference in this adversary proceeding shall be set for February 8, 2017, at 2:00 p.m. in Courtroom 303, United States Bankruptcy Court, Central District, Riverside Division, 3420 Twelfth Street Riverside, CA 92501. Plaintiff shall give notice of the Status Conference to all interested parties. No status report shall be due.

###

Date: January 6, 2017

Mark Houle
United States Bankruptcy Judge

ORDER GRANTING MOTION TO SET ASIDE DISMISSAL OF ADVERSARY PROCEEDING

# United States Bankruptcy Court
## Central District of California
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, October 19, 2016**                                                                 **Hearing Room    303**

<u>2:00 PM</u>
**6:14-21472    David Joe Strait**                                                                                **Chapter 7**
Adv#: 6:14-01340        Leong v. Strait

    **#23.00**     CONT Motion to set aside RE: Dismissal

        From: 7/6/16, 8/3/16, 9/7/16

        EH__

                        Docket        30

**Tentative Ruling:**

    <u>**7/6/16**</u>

    **BACKGROUND**

        On September 11, 2014, David Strait ("Defendant") , owner of Double O Academy LLC ("Double O"), Cal Arms Inc. ("Cal Arms"), and Spygear4Less, Inc. (collectively referred to as "Corporations"), filed for chapter 7 relief. Lynda T. Bui is the duly appointed chapter 7 trustee ("Trustee").

        On August 13, 2013, Plaintiff filed a Superior Court action against Defendant as well as against Defendant's wife, Tanja Strait ("Strait"), the Corporations, and Defendant's business partner, Eric Miller ("Miller").

        On or about September 11, 2014, Plaintiff received notice of Defendant's Chapter 7 filing through her old attorneys, Buxbaum and Chakmak who are also parties to the Superior Court action. Within his Chapter 7 filing, Defendant listed Plaintiff with an unknown amount of unsecured non-priority debt.

        On December 12, 2014, Plaintiff filed the instant adversary proceeding to determine the dischargeability of Defendant's debt owed to her. On December 22, 2014, Debtor's debts were discharged.

        On February 18, 2015, this Court held a status conference in this adversary

# United States Bankruptcy Court
## Central District of California
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, October 19, 2016**                                                                                      **Hearing Room    303**

<u>2:00 PM</u>
**CONT...    David Joe Strait                                                                                                       Chapter 7**

proceeding. Plaintiff's Counsel failed to file a Status Report as required by Local Bankruptcy Rule 7016-1 and also failed to provide complete and proper service of process. On April 22, 2015, this Court held a continued status conference, and Plaintiff's counsel again failed to file a Status Report or proper proof of service. On this same date, this Court then set an Order to Show Cause as to why the proceeding should not be dismissed for Failure to Prosecute. The Order specified that documents opposing the order were required to be filed by May 20, 2015.

   No documents were filed, and as such, on June 10, 2015, this Court conducted an Order to show Cause and the Honorable Mark Houle Ordered this case dismissed due to Lack of Prosecution. On June 10, 2016, Plaintiff filed this motion to Set Aside the Dismissal for Failure to Prosecute. No opposition has been filed.

   Plaintiff moves under FRCP 60(b) to set aside entry of Order of Dismissal without prejudice in its entirety on the grounds that the dismissal was the result of excusable neglect. Marc E. Grossman is the supervising counsel within the adversary proceeding. Douglas Borthwick ("Borthwick") and John Kibbler ("Kibbler"), Grossman's subordinates, were the attorneys assigned to the proceeding prior to the dismissal. As the supervising attorney, Grossman accepts full responsibility for the neglectful manner in which the case was handled. [Grossman Dec. P. 4 ¶22-23] He does, however, attribute the neglect to both Borthwick and Kibbler such that: 1) While working on the proceeding, Bortwhick abruptly ended his employment at the firm; [Id. at p. 4 ¶24-25]and 2) Kibbler, who Grossman has since terminated, consistently mishandled the proceeding as follows:

- Kibbler indicated that the Status Reports were not correctly filed because the dates were inadvertently not calendared by the court. [Id. at p. 4 ¶6-7]

- Kibbler submitted a proposed Declaration in support of his claims that the dates were inadvertedly not calendared by the court. The proposed Declaration was deficient. [Id. at p. 4 ¶8-9]

# United States Bankruptcy Court
## Central District of California
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, October 19, 2016**                                                                                    **Hearing Room   303**

<u>2:00 PM</u>
**CONT...        David Joe Strait**                                                                                                           **Chapter 7**

     Lastly, Grossman attributes the neglect to an email mishap. Grossman states that it is his office policy to be included on all notices from the Court. After reviewing the proof of service for the Court's Order to Show Cause, Grossman states that only Kibbler's email address was included. Grossman alleges that as a result, he did not learn that the case was set for dismissal until April 16, 2015. [<u>Id.</u> at p. 4 ¶12-18].

**<u>PLAINTIFF'S ASSERTED GROUNDS FOR SETTING ASIDE OF THE DISMISSAL</u>**

   **1. <u>Mistake and Excusable Neglect Justify Granting Relief from the Dismissal</u>**

     Dismissal of a case is analogous to a default judgment, and is only appropriate in extreme circumstances. The Court should consider the same principles as when setting aside entry of defaults. FRCP 50(c) allows the Court to set aside an entry of default for good cause and it may set aside a default judgment under 60(b). When applying FRCP 60(b) specifically to entry of default and default judgments, "a case should, whenever possible be decided on the merits" because default judgments are only "appropriate" in "Extreme circumstances." <u>Folk v. Allen</u>, 739 F. 2d 461(463 (10th Cir. 1984). The finality achieved through entry of default should readily give way to the competing interests in reaching the actual merits of a lawsuit. <u>TCI Group Life Insurance Plan v. Knoeber</u>, 244 F. 3d 691,696 (9th Cir. 2001). Satisfaction of FRCP 60(b) justified relief of default because Court's and the parties' interests in deciding a case correctly based on legal and factual merit outweigh the corresponding interests in finality of the entry of dismissal. <u>Pena v. Seguros La Comercial</u>, 770 F. 2d 811,814 (9th Cir. 1985)

   **2. <u>Plaintiff has Meritorious Claims and the Court should Facilitate Resolution on the Merits</u>**

     Default judgments, and by analogy dismissals, are generally disfavored and whenever reasonably possible, cases should be decided on their merits. <u>Papapoff v. Vollstedt's Inc.</u>, 267 F. 2d 863,865 (9th Cir. 1959). Where timely relief is sought from

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 19, 2016**                                         Hearing Room    303

2:00 PM
**CONT...        David Joe Strait                                                     Chapter 7**

a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. <u>Schwab v. Bullock's Inc.</u>, 508 F. 2d 353,355 (9th Cir. 1974). After litigating the underlying case for several months, Defendant then filed Chapter 7 relief. This Court entered an order to dismiss prior to plaintiff's opportunity to present to the court pertinent law and evidence. Plaintiff believes a gross injustice would result if the court does not set aside its order to dismiss.

### 3. <u>Bankruptcy Code § 11 U.S.C. § 105 Empowers the Court to Vacate the Dismissal</u>

Bankruptcy Code §105(a) provides in pertinent part

> "(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title provision for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

While Plaintiff's counsel failed to comply with the Bankruptcy Court requirements and allowed the case to be dismissed, Defendant also has several glaring omissions in his Bankruptcy petition. Additionally, the Plaintiff has a meritorious case. As such, pursuant to §105, Dismissal should not be set aside.

### 4. <u>The doctrine of Judicial Estoppel Justifies Setting Aside the Dismissal</u>

Judicial estoppel precludes a party from gaining an advantage by taking one position and then seeking a second advantage by taking an incompatible position. See 18 Charles A. Wright et al., Fed. Practice and Proc. §4477 (1981 & Supp. 1995); <u>Yanez v. United States</u>, 989 F. 2d 323,326 (9th Cir. 1993); <u>Russell v. Rolfs</u>, 893 F. 2d 1033,1037 (9th Cir. 1990), cert. denied, 501 U.S. 1260, 111 S. Ct. 2915, 115 L.Ed. 2d

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 19, 2016**                                                                 Hearing Room    303

2:00 PM
**CONT...    David Joe Strait                                                                                 Chapter 7**

1078(1991). Defendant, in the superior court action, alleged that he was the owner of the Corporations, however, within his Bankruptcy Petition, failed to include the Corporations in the Chapter 7 Petition. Although, not specifically at issue in this proceeding, Plaintiff needs to conduct discovery to show that the debt owed by Defendant was fraudulent and is therefore non-dischargeable.

### 5. Specific Questions Exists as to Debtor's Schedule B

Plaintiff brings this proceeding to prevent the unjust enrichment of Defendant and to prevent a fraud on the Bankruptcy Court. While Defendant states within his First Amended Cross-Complaint that he is the owner of the Corporations, he nevertheless failed to identify these businesses within his Chapter 7 petition. Specifically, within Defendant's statement of Financial Affairs, he identified neither the Corporations nor an inventory amount. However, in Defendant's Schedule B, he identified $12,000.00 in inventory. Lastly, Defendant's Schedule B indicates that he does have licenses, franchises, or other general intangibles. Plaintiff asserts that Defendant has a license from the State of California to be a Private Investigator. As such, Plaintiff prays to bring the proceeding to prevent the unjust enrichment of Defendant and to prevent a fraud on the Bankruptcy Court.

### DISCUSSION

### Setting Aside Dismissal pursuant to Rule 60(b) (Excusable Neglect).

Federal Rule of Civil Procedure 60(b)(1) provides as follows:
> "On motion and just terms, the court may relieve a party
> or its legal representative from a final judgment, order,
> or proceeding for the following reasons: mistake,
> inadvertence, surprise, or excusable neglect."

Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), and includes "omissions caused by carelessness," Id. at 388. The determination of

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 19, 2016**　　　　　　　　　　　　　　　　　　　　　Hearing Room　　303

2:00 PM
**CONT...　　David Joe Strait　　　　　　　　　　　　　　　　　　　　　　　Chapter 7**

whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman, 231 F.3d at 1223-24 (citing Pioneer, 507 U.S. at 395). Although Pioneer involved excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b), in Briones v. Riviera Hotel & Casino, 116 F.3d 379 (9th Cir. 1997), we concluded that the Pioneer standard governs analysis of excusable neglect under Rule 60(b)(1). See Id. at 381.

**Pioneer Factors**

**1. Danger of Prejudice to the Opposing Party**

Here, there will likely be no prejudice to Defendant if the Order to Dismiss is set aside. As Defendant did not succeed on the merits of the case, and rather, on Plaintiff's failure to prosecute through non-filing of the Status Reports, Defendant has not exhausted as large of an amount of resources and funds in the adversarial proceeding as he would have if the case had moved forward on the merits. As such, vacating the Order will simply burden Defendant with the need to acquire adequate resources and funds as he originally would have had to expend in the proceeding. As such, the Court finds that the Defendant is not in danger of prejudice if the Order to Dismiss is set aside.

**2. Length of Delay and its Potential Impact on the Proceedings**

As to length of delay, Plaintiff was unjustly affected by her counsel's failure to file both Status Reports. Counsel missed filing the first Status Report in February 2015. After missing the second May 2015 filing deadline, Grossman did not learn of the order to dismiss until April 2015. Due to the time length between the two missed filings, Plaintiff's case was negligently delayed almost three months without her current counsel's knowledge of the present state of affairs. As a result of the neglect,

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, October 19, 2016**                                                                                   **Hearing Room    303**

<u>2:00 PM</u>
**CONT...        David Joe Strait                                                                                              Chapter 7**

Plaintiff suffered a severe hardship in having her case dismissed. Therefore, under <u>Pioneer</u>, the length of delay weighs in favor of setting aside the dismissal.

### 3. <u>The Reason for the Delay</u>

As to the reason for delay, in the Ninth Circuit a client is ordinarily chargeable with his counsel's negligent acts and is considered to have notice of all facts known to their lawyer-agent. *Ringgold Corp. v. Worrall,* 880 F.2d 1138, 1141–42 (9th Cir.1989). Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34 (1962); *Pioneer,* 507 U.S. at 396–97 (1993). However, clients are not presumed to be charged with the more unusual circumstances of his attorney's extreme negligence or egregious conduct. *Community Dental Services v. Tani,* 282 F.3d 1164 (9th Cir.2002); *Lal v. California*, 610 F.3d 518, 520. While it is true that Plaintiff is presumed to have voluntarily chosen Grossman as her counsel and therefore, potentially cannot avoid accountability for negligent acts or omissions of counsel, the negligent acts of Borthwick and Kibbler constitute more unusual circumstances of neglect. Specifically, while hiring Counsel, Plaintiff likely did not know that Borthwick would abruptly leave his place of employment, and therefore the case. Additionally, while Plaintiff could arguably be held accountable for the more usual negligent acts of Kibbler of failing to file the Status Reports or failing to provide proper proof of service, arguably such negligence resulted in part from Borthwick's quitting of the firm, leaving Kibbler alone. Therefore, the Court finds that under <u>Pioneer</u>, Plaintiff should not be held accountable for the unforeseen and negligent failures by Kibbler and Borthwick which resulted in the dismissal of the case.

### 4. <u>Whether the Movant acted in Good Faith</u>

As to whether the movant acted in good faith, Plaintiff has not provided this Court any reason to question her good faith in motioning to set aside the Dismissal. Moreover, Defendant has not filed an answer to Plaintiff's motion which would call into question Plaintiff's good faith. As such, the Court finds that under <u>Pioneer</u>,

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 19, 2016**                                                              **Hearing Room    303**

<u>2:00 PM</u>
**CONT...        David Joe Strait**                                                                              **Chapter 7**

Plaintiff has acted in good faith in bringing the instant Motion.

**<u>TENTATIVE RULING</u>**

The Motion to Set Aside the Dismissal for Failure to Prosecute against Defendants is GRANTED, and the request to reinstate this adversarial case is APPROVED.

Having granted the Motion under FRCP 60(b)(1), the Court need not reach Plaintiff's additional bases for setting aside the Dismissal.

To avoid prejudice to the Defendant, the Court is inclined to require Plaintiff to make Defendant whole as to any costs incurred as a result of Plaintiff's negligent failures to appear.

APPEARANCES REQUIRED

| Party Information |
|---|

**Debtor(s):**

David Joe Strait                                        Represented By
                                                                   Brian J Soo-Hoo

**Defendant(s):**

David Joe Strait                                        Pro Se

**Movant(s):**

Brenda Leong                                         Represented By
                                                                   Marc E Grossman

**Plaintiff(s):**

Brenda Leong                                         Represented By
                                                                   Marc E Grossman

**Trustee(s):**

Lynda T. Bui (TR)                                   Pro Se